**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **J.C.**

**No. 22-820** (Kanawha County 21-JA-577)

**MEMORANDUM DECISION**

Petitioner Mother S.M.[1] appeals the Circuit Court of Kanawha County's October 4, 2022, order terminating her parental rights to J.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On September 24, 2021, the DHHR filed an abuse and neglect petition alleging that petitioner sexually and physically assaulted the child. The allegations arose when, after returning from a visit to petitioner's home, the child complained of pain emanating from his buttocks. The child was taken to a hospital where a physical exam revealed an injury to his anus, but not the cause of the injury. According to the DHHR's petition, the child reported petitioner hurting him and the child displayed sexualized behaviors after the incident. The father obtained a protective order and was awarded primary physical custody of the child.

The adjudicatory hearing was continued, without objection, on several occasions, and the hearing was completed on April 20, 2022. After hearing testimony and arguments, the circuit court found that the DHHR had established by clear and convincing evidence that the child sustained an unusual injury but that it could not find petitioner caused the injury to the child. The court, therefore, ordered the DHHR to amend the petition to conform with the evidence. It also ordered that petitioner undergo a forensic psychological evaluation and that any services recommended by the evaluator to be implemented. Accordingly, the DHHR filed an amended petition on May 27, 2022, specifically retracting the allegation that petitioner sexually abused the child. Instead, it alleged that the child sustained the injury while in petitioner's care and that she failed to protect

---

[1]Petitioner appears by counsel Jason S. Lord. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katherine A. Campbell. Attorney Elizabeth Davis appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

the child from the injuries to his private area. It further alleged that the child exhibited sexualized behaviors after sustaining the injury. The circuit court held an adjudicatory hearing on the amended petition on June 27, 2022, during which petitioner opted not to testify. Thereafter, the circuit court adjudicated petitioner as an abusing and neglectful parent based upon her failure to protect the child from a concerning injury in his private region while in her custody.

During the September 27, 2022, dispositional hearing, a Child Protective Services ("CPS") worker testified that, despite numerous attempts to reach petitioner, petitioner had not responded and had not inquired about the child. The court also heard testimony from petitioner who set forth her belief that nothing happened to the child and that he simply continued to make things up. She specifically testified that she had "never seen any proof of anything that's happened to him" despite acknowledging she heard a doctor testify regarding the physical injury to the child. Petitioner stated that she refused to speak with the CPS worker and hung up on the worker when she identified herself. At the conclusion of the hearing, the circuit court noted that,

> when there's not an acceptance of responsibility, that's always problematic. Well, then you're here denying that an injury occurred, that takes it to the next level, because we are talking about physical evidence, medical testimony, photographic evidence, concerning behaviors, concerning sexualized behaviors, frankly, comments from the child himself, and we do have continued sexualized behaviors. . . . Something happened to [the child], and the evidence is overwhelming that something happened to him. . . . Clearly, that occurred while he was in your custody, yet you continue to maintain that nothing happened.

The court went on to recognize that petitioner had not participated in services. In its October 4, 2022, dispositional order terminating petitioner's parental rights, the court found there was no reasonable likelihood that petitioner could correct the conditions giving rise to the filing of the petition in the near future; petitioner failed to avail herself of the services offered by the DHHR; and the termination of petitioner's parental rights was in the child's best interests.[3] Petitioner appeals from that dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner's single assignment of error is that the circuit court erred by terminating her parental rights. However, her argument focuses on her purported right to an improvement period, asserting that petitioner's parental rights were terminated without an "opportunity to address her parental shortcomings." She claims she was willing to participate in services and should have been given additional time to do so. First, we note that petitioner failed to move for an improvement period at any point throughout the proceedings. Even if she had filed a motion, it is clear that the evidence did not support it. To obtain an improvement period under West Virginia Code § 49-4-610, the parent must first demonstrate that they are likely to fully participate in the terms of one. Further, a circuit court has the discretion to deny a motion for an

---

[3]The child was placed in the permanent custody of his nonabusing biological father.

2

improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). While petitioner now contends that she would participate in services, the evidence below demonstrated otherwise--she chose to hang up on the CPS worker who tried to arrange services and she made a conscious decision not to return calls regarding services. Based on petitioner's choice to not participate in the services offered, we find that the circuit court did not err in not providing an improvement period to petitioner.

To the extent she argues that her parental rights should not have been terminated, termination "may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 5, *In re Kristin Y.*, in part, 227 W. Va. 558, 712 S.E.2d 55 (2011) (citation omitted). Throughout the proceedings, petitioner refused to acknowledge that the child was injured in her care, despite objective medical evidence to the contrary, resulting in the conditions of abuse and neglect being untreatable. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("Failure to acknowledge the existence of the problem . . . results in making the problem untreatable." (citation omitted)). Moreover, testimony established that petitioner did not inquire about the child when he was not in her custody. As we have explained, "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Because the court made the findings necessary to terminate petitioner's parental rights upon ample evidence, we find no error. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding that there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in near future and when necessary for child's welfare); *see also Kristin Y.*, 227 W. Va. at 560, 712 S.E.2d at 57, Syl. Pt. 5, in part (permitting termination of parental rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (citation omitted)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn